[1] Reported in 1 N.W.2d 396.
While residents of Big Stone county, Cyrus C. Howe and spouse applied for and received on March 17, 1936, old age assistance from that county. On October 1, 1937, they moved to Browns Valley in the county of Traverse, where they have since resided. Because an investigation convinced the county welfare board of Big Stone that the Howes were no longer in need of financial assistance, their grant was suspended on August 24, 1938, and revoked December 15, 1938, effective January 1, 1939. Their application for reinstatement was denied by that board, and appeal was taken to the state division of social welfare. There a hearing was had before a referee, who found that the Howes were in need of assistance and recommended reinstatement, which thereupon was ordered by the division. Big Stone appealed to the district court, where, after additional testimony had been taken, the court adopted and affirmed the referee's findings. Judgment that the grant be reinstated was ordered, and upon its entry Big Stone brought the proceedings here for final review.
Throughout every stage of this proceeding Big Stone has made the two contentions which it urges here. First, the Howes, on June 6, 1939, when they applied for reinstatement, were in no "need" of old age assistance because they owned almost $1,400 in assets, of which $481 was in cash. Second, if the applicants are *Page 429 
entitled to assistance, the responsibility of granting it rests not with Big Stone, but with Traverse.
1. Whether the Howes were "within the class entitled to the benefits of the act" (In re Application of Rasmussen, 207 Minn. 28,32, 289 N.W. 773, 776) rested with the county board to decide in the first instance. However, where an appeal is taken to the state agency, that body hears the case de novo, and its decision is binding upon the county agency. Mason St. 1940 Supp. § 3199-21(a). Although upon further appeal to the district court additional evidence may be taken, the scope of the appeal is "limited to the issue as to whether the order of the state agency is fraudulent, arbitrary or unreasonable." Id. § 3199-21(b); In re Application of Rasmussen, 207 Minn. 28, 30,289 N.W. 773. Being unable so to classify the order here involved after taking additional testimony, the district court affirmed.
2. Although the old age assistance act in its declaration of policy ordains that "the care and relief of aged persons who are in need * * * is hereby declared to be a special matter of state concern and a necessity in promoting public health and welfare," Id. § 3199-11, nowhere in the act is "need" explicitly defined. Big Stone urges that the order of the state agency must be arbitrary and unreasonable for the reason that when the Howes reapplied in June 1939 they owned the assets above indicated. However, the facts do not show that "the net value of his property or the net value of the combined property of husband and wife exceeds $3,500." Ex. Sess. L. 1935-1936, c. 95, § 8(b), Mason St. 1938 Supp. § 3199-18(b); cf. Mason St. 1940 Supp. § 3199-18(b). Nor does the proof establish a violation of the provision that "the amount * * * of old age assistance * * * shall be an amount which, when added to the net income of the applicant, * * * does not exceed a maximum of $30.00 per month." Id. § 3199-15(b). These two clauses are the chief contextual materials which bear upon proper interpretation of the "need" of an applicant, and neither provision excludes the benefit here given the Howes. The old age assistance act is in the nature of "a reward *Page 430 
bestowed by the community on its aged members for past services and good citizenship. Extreme poverty is not a prerequisite to assistance." In re Application of Seidel, 204 Minn. 357, 361,283 N.W. 742, 744.
However, Big Stone relies upon a rule of the state agency issued March 18, 1936, stating that persons having in excess of $300 in cash or liquid assets were not eligible for assistance. Although the state agency is required to "make and publish uniform rules and regulations, not inconsistent with law, for carrying out and enforcing the provisions of this act," these "shall require the approval of the attorney general as to form and legality." Id. § 3199-13(b). Admittedly, the rule here advanced was not of such kind, and when for the first time it came before the attorney general, it was declared "arbitrary, unreasonable and inconsistent with the provisions of the old age assistance act because it ignores the facts and circumstances of each particular case." Op. Atty. Gen. July 3, 1936, File No. 521-D; see Mason St. 1940 Supp. § 3199-15(b). Certainly that opinion was required by the law as it existed prior to 1941, when the act was amended to declare ineligible any person having liquid assets in excess of $300 or a husband and wife having in combination liquid assets exceeding $450. Mason St. 1941 Supp. § 3199-18(b). However, even now possession of liquid assets in excess of these amounts does not automatically disqualify an applicant if liquidation thereof would cause undue loss.
Manifestly, the rule relied upon by Big Stone could not prevail against the provisions of the law, and it adds no weight to the determination of the county board that the Howes were not in need of assistance. This view having been set aside by the state agency and its determination not being arbitrary or unreasonable, it follows that the revocation of the grant of assistance to the Howes by the county board of Big Stone was improper and cannot be sustained. Mason St. 1940 Supp. § 3199-30; cf. Mason St. 1941 Supp. § 3199-30.
3. Remaining for consideration is the question of settlement. On this point Big Stone argues that when the Howes reapplied *Page 431 
for assistance in June 1939 their settlement was in the county of Traverse, where they had lived since October 1937. Treating the reapplication as a new application, Big Stone contends that, since the Howes had lived in Traverse for more than one year immediately preceding this application, their settlement was there.
"Every person who has resided one year continuously in any county shall have a legal settlement therein, and such legal settlement shall not be deemed lost or terminated until a new settlement shall have been acquired in another county of this state or acquired in another state." Mason St. 1940 Supp. § 3199-19(a).
For the Howes, that settlement was in Big Stone. And since "an applicant * * * shall file his application * * * with the county agency of the county in which he has a legal settlement" (Id. § 3199-19[b]), they properly applied to Big Stone for assistance. Notwithstanding the fact that the Howes moved their residence to Browns Valley, "the county originally granting old age assistance shall continue to pay the same regardless of change of residence within the state by a recipient." Id. § 3199-36.
We have already held that the state agency correctly ruled that Big Stone improperly suspended and revoked the grant of assistance. Until the time of that suspension, under the provisions of § 3199-36 Big Stone was clearly under obligation to pay the grant of assistance regardless of the fact that the Howes resided in another county. If such revocation was improper, which it was, the time thereafter could not run against the county of Traverse so as to effect a change of settlement. Such a simple expedient as unauthorized revocation would be too easily utilized by counties desiring to shift the burden of assistance. Of course, had the grant of assistance been procured by fraud or for other reasons properly revoked by Big Stone, another question would confront us. In view, however, of the explicit language of § 3199-36, the construction given the act by the attorney general in his several opinions, to the effect that the responsibility of payment remains with the county originally granting assistance, seems clearly warranted. *Page 432 
Report of Attorney General, 1936, Op. No. 315; Id. 1938, Op. No. 325; Op. Atty. Gen. March 8; 1938, File No. 521-D.
Judgment affirmed.